ROTH, J., Concurring
Although I agree with the reasoning and the conclusions of the majority opinion, *337 which I in fact wrote, I write separately because of my concern that the categorical approach, along with its offspring, the modified categorical approach, is pushing us into a catechism of inquiry that renders these approaches ludicrous. The categorical approach was developed to avoid the "practical difficulties and potential unfairness" inherent in "determining the precise facts underlying a defendant's conviction when those facts are not plain from the elements of the offense itself."[1]
Given the unique structure of RICO, we are able to determine easily what predicate offenses led to the RICO conviction. There is no possibility of lack of precision. RICO's cross-referential and multi-layered structure makes it unlike other criminal statutes. Williams pleaded guilty to a RICO violation under 18 U.S.C. § 1962(c). Section 1962(c) proscribes participating in the conduct of an interstate enterprise's affairs through a "pattern of racketeering activity," which RICO defines as "at least two acts of racketeering activity."[2] Thus, as we recently recognized, in order to a make out a § 1962(c) RICO violation, the government must prove beyond a reasonable doubt that the defendant himself engaged in at least two predicate acts of racketeering.[3] Because a guilty plea requires a defendant to admit to every element of the offense, a defendant pleading to a RICO violation must therefore admit to at least two predicate acts. The mere showing of any two predicate acts of racketeering alone, however, is not enough to sustain a 1962(c) RICO conviction. The law requires a jury to unanimously agree on the specific racketeering acts committed by the defendant and to find all the elements of those predicate acts.[4] By the terms of the statute, the two predicate racketeering acts are inextricably linked to the substantive § 1962(c) violation, and a RICO conviction cannot stand without them.
In this situation, I see no need to determine whether § 1962(c) is a divisible statute; I see no need to discuss the alternative forms of conduct covered by it; I see no need to decode the offense of conviction or to ask whether it sweeps more broadly than the relevant generic offense.
Instead, I should be able to look at the RICO conviction and the integrated predicate acts. The predicate acts here are drug offenses, violations of 21 U.S.C. §§ 841(a)(1) and 846, both controlled substance offenses. Voila, we can ascertain the precise facts underlying the defendant's conviction. The contortions of the modified categorical approach are needless.
I write separately to explain this approach with the hope a future panel may see that there is no need, in the case of a RICO conviction, to engage in the catechism of the modified categorical approach.

A review of the video makes clear that the microphone was on Trooper Volk's person. It clearly picked up everything Trooper Volk said, and less clearly picked up others' speech when they were speaking with him. It faintly and sporadically picked up other sounds, including comments by Williams and the trooper or troopers standing near him. When Trooper Volk got into his cruiser and closed the door, the road noise and all other sounds died away.

18 U.S.C. § 1961(5).

United States v. Ferriero , 866 F.3d 107, 116 (3d Cir. 2017) (citing In re Ins. Brokerage Antitrust Litig. , 618 F.3d 300, 371 (3d Cir. 2010) ).

United States v. Brown , 583 F.2d 659 (3d Cir. 1978) ; see also Mod. Crim. Jury Instr. 3rd Cir. 6.18.1962C-8 (instructing that a jury must unanimously agree on the specific racketeering acts committed by the defendant).